No. 773
PIERCE v. DAHLGREN
U. S. Appeals. Sixth Circuit
No. 3950. June 13, 1924

TRUSTS — 1. Loans by trustee to herself and her brother, as beneficiaries under a will, secured by pledges of their interests, held improper.

2. Trustee not relieved of obligation to restore amount of trust fund loaned to herself and brother, though listed in approved report.

3. Facts held not to justify trustee's loan of trust fund to herself.

4. Trustee not denied compensation because of loans made without adequate security, if she restores amounts to fund—Nor because of failure to file reports during certain periods.

DENISON, C. J.
Epitomized Opinion

This action was started by the filing of exceptions to a trustee's report. Since 1864 the administration of a trust created by the will of Samuel Vinton had been under the supervision of the court. Several successive trustees had been appointed. Mrs. Pierce, the latest, was a granddaughter of the testator and was appointed in 1907. The trustees had made annual reports to the court, which reports were confirmed. The amount of the principal of the estate was about $200,000 and the net income was each year distributed in four equal shares among the beneficiaries, descendants of the testator. In 1913 Mrs. Pierce was advised that distribution of income to or for John V. Dahlgren, Jr., was not authorized under the will, but that the income should be divided into three parts instead of four.

The trustee then filed an action which resulted in the court's holding that Dahlgren

was entitled to one-fourth share. Pending this controversy from 1913 to 1921 Mrs. Pierce had not filed an account as trustee. In 1922 she filed an account covering the period from 1913. The account showed that she had given notes to the trust in the sum of $21,000 and that one Dahlgren had also given notes amounting to $20,500. The trustee also took credit for $8,000 services as trustee for eight years. John V. Dahlgren, Jr., who had become of age, filed exceptions to the item charged for services and to the transactions which resulted in the $41,500 of notes. The District Court sustained these exceptions and directed Mrs. Pierce to make good and return to the trust these items amounting to $49,500. From this order she appealed. In modifying the order, the U. S. Circuit Court of Appeals held:

1. Where will provided for distribution of trust fund on death of named person to persons entitled under the laws of intestacy at the time of the distribution, loans by the trustee, who was also a beneficiary, to herself and another beneficiary, secured by pledges of their interests, were improper, since such interests were uncertain.

2. Trustee is not relieved of obligation to restore portion of trust fund loaned to herself and her brother, secured by pledges of their uncertain interests in trust fund, because such loans were listed in annual report approved by court, where entries designated the security as "mortgages."

3. The mere fact that a daughter, who succeeded her mother as trustee, borrowed money on her own note and mortgage to put into the trust fund to avoid litigation over a claim that her mother was not entitled to credit as trustee for certain amounts, did not justify daughter's loan of an equal amount to herself without adequate security and make it unnecessary for her to replace amount borrowed.

4. A trustee, who in good faith and under advice of counsel, made a loan of trust funds to herself and her brother, secured by pledges of their future uncertain interest in trust fund, should not by reason thereof be denied compensation as trustee, if she or her surety, within a reasonable time to be fixed by the court, restores the amounts to the fund.

5. Trustee's failure to file accounts during a nine-year period held not fatal to her claim for compensation, where litigation was pending during such period and all parties acquiesced in delaying a further account until its proper basis was determined.

Attorneys—Nicholas, Morrill, Stewart & Ginter, Cincinnati, and O'Rear, Fowler & Wallace,, Frankfort, Ky., Lawrence Maxwell, Cincinnati, and Coudert Bros., New York, for Dahlgren.